RAFF LAW, APC
RICHARD C. O'HARE (SBN 167960)
The Grace Building
17 Keller St.
Petaluma, California 94952
Telephone: 707-879-8040
Facsimile: 707-674-5600
Email: Office@RaffLawOffice.com

Attorneys for Plaintiff
NATIONAL TRIBAL GEOGRAPHIC INFORMATION SUPPORT CENTER

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATIONAL TRIBAL GEOGRAPHIC INFORMATION SUPPORT CENTER,** a nonprofit organization.<br><br>Plaintiff,<br><br>vs.<br><br>**CALIFORNIA TRIBAL GIS**, a California nonprofit corporation, and **DONNA R. BEGAY**, an individual,<br><br>Defendant(s). | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Federal Trademark Infringement<br>2. Federal Unfair Competition<br>3. Cal. Unfair Competition B&P Code § 17200 et seq.<br>4. Common Law Injury to Business Reputation<br>5. Common Law Unfair Competition<br>6. Common Law Trademark Infringement<br><br>*JURY TRIAL DEMANDED* |

Plaintiff NATIONAL TRIBAL GEOGRAPHIC INFORMATION SUPPORT CENTER, a nonprofit organization. ("Tribal GIS" or "Plaintiff"), by and through its attorneys Raff Law, APC, as and for its Complaint against CALIFORNIA TRIBAL GIS, a California nonprofit corporation, ("CTG") and DONNA R. BEGAY, an individual, ("Begay") (collectively "Defendants") alleges as follows:

## NATURE OF ACTION

1. Tribal GIS is the owner of the registered trademark/service-mark TRIBAL GIS®, U.S. Registration No. 5,085,352 for, inter alia, conducting conferences, seminars, and workshops in the field of Geographic Information Systems and for clothing. (the "TRIBAL GIS Mark"). This action

- 1 -

arises out of Defendants' unauthorized incorporation and infringing use of the TRIBAL GIS Mark in connection with, inter alia, Defendants' summits, conferences, and clothing items.

2.     Despite Tribal GIS's written requests, Defendants have refused to cease its use of the TRIBAL GIS Mark. Accordingly, Tribal GIS brings this action for infringement of the TRIBAL GIS Mark in violation of § 32 of the Lanham Act, 15 U.S.C. §§ 1114(1); for unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code 17200 et seq.; for common law injury to business reputation; and for unfair competition and trademark infringement under the common law of the State of California.

### JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants, either directly or through their agents, transacted business in the State of California and in this judicial district ("district"), directed their activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected their acts to have consequences in the State of California and this district.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because Defendants are conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant CTG is an entity with the capacity to sue and be sued in its common name and is subject to personal jurisdiction in this district.  Plaintiff is also informed and believes that Defendant CTG is headquartered in this district and that Defendant Begay resides in this district.

### THE PARTIES

6.     Plaintiff National Tribal Geographic Information Support Center ("Tribal GIS") is, and at all relevant times mentioned herein was, a nonprofit corporation existing under the laws of the State of Missouri, having a principal place of business in Bonne Terre, Missouri.

7.  Upon information and belief, Defendant California Tribal GIS ("CTG") is, and at all times mentioned herein was, a nonprofit corporation organized and existing under the laws of the State of California having a principal place of business in Weldon, California

8.  Upon information and belief, Defendant Donna Begay is, and at all times mentioned herein was, an individual residing in Weldon, California

## FACTUAL BACKGROUND

9.  Tribal GIS, is a non-profit organization with an objective to provide assistance to Native American tribal governments and Native American organizations regarding geographic information technology. For more than fifteen years, Tribal GIS has provided national conferences, workshops, and training in geographic information systems for tribal governments, becoming widely recognized throughout the United States as a premiere source of such educational and technical services under the TRIBAL GIS Mark.  This year Tribal GIS will host its sixteenth annual conference.

10.  On January 27, 2016, Tribal GIS applied to register the TRIBAL GIS Mark with the United States Patent and Trademark Office (the "PTO") in International Class 041 for "conducting conferences, seminars, and workshops in the field of Geographic information systems," as well as in International Class 025 for "clothing, namely shirts" and in International Class 009 for "mobile application software featuring information in the field of geographic information systems; Mouse pads.  On November 22, 2016, the PTO approved Tribal GIS's application and issued a Certificate of Registration for the TRIBAL GIS Mark for each of the aforementioned goods or services, assigning U.S. Reg. No. 5,085,352.  On August 29, 2025, Tribal GIS filed a Declaration of Incontestability under Sections 15 with the PTO for the TRIBAL GIS Mark. Accordingly, the Tribal GIS trademark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065 and § 1115(b).

11.  Tribal GIS also owns the domain name tribalgis.com, and has operated a website at this address to promote its goods and services under the TRIBAL GIS Mark since approximately September 2008.

12.  Since approximately 2009, Tribal GIS has invested many hundreds of thousands of dollars in developing and promoting the Tribal GIS brand and to maintain the preeminent reputation of its brand in the State of California and throughout the United States. Accordingly, the Tribal GIS

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

brand now enjoys considerable goodwill in the Native American community, the geographic information systems community and amongst governmental organizations and the general public.  As a result of Tribal GIS' efforts, members of the Native American Community, governmental organizations, educational institutions, as well as manufactures, vendors and distributors of geographic information systems and technology within the State of California and throughout the United States recognize the TRIBAL GIS Mark as an exclusive designation of source goods and services provided by Tribal GIS. Tribal GIS also has been diligent and aggressive in policing its mark.

13.     On information and belief, Defendant Begay formed Defendant CTG in January 2024, for the purpose of utilizing geographical information systems technology to assist California Native American Tribes with protection of cultural landscape and natural resource management.  In 2025, Defendants organized and promoted an event they called the *California Tribal GIS Summit* and which they frequently referred to simply as the *Tribal GIS Summit*.  Defendants also operate a website using the domain name "catribalgis.org" where they promote their services and promoted the 2025 summit using the infringing mark TRIBAL GIS.

14.     On information and belief, Defendants continue their aggressive marketing using the TRIBAL GIS Mark by, inter alia, seeking donations and sponsorships for a 2026 summit using the Tribal GIS Mark and stylized logos incorporating Tribal GIS Mark, including the following logos:

 

15.     Defendants also have marketed and sold t-shirts and other apparel items bearing the Tribal GIS mark.

16.     Defendants' use of CTG's corporate name "California Tribal GIS" and its use of

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

California Tribal GIS and Tribal GIS in connection with its services and goods are confusingly similar to the long-standing TRIBAL GIS Mark, given that each incorporate the entirety of the TRIBAL GIS Mark. Moreover, the harm arising from this similarity is exacerbated by the relatedness of Tribal GIS's and Defendants' services which are both directed at utilizing geographical information systems technology to assist Native American Tribes with the protection of cultural landscape and natural resource management.

17.    Defendant's use and incorporation of the TRIBAL GIS Mark in its trade name, its domain name, and to promote its services and goods is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Defendants' services, as to Tribal GIS's affiliation, connection, or association with Defendants, and/or as to Tribal GIS's approval or sponsorship of Defendants' products, services or commercial activities.  In fact, there has been actual confusion where persons have mistakenly believed that Defendant CTG was a California chapter of Tribal GIS, which it is not.

18.    Defendant's infringing use of the confusingly similar California Tribal GIS mark and the identical Tribal GIS mark to provide its services and goods will financially harm Tribal GIS by diminishing the value of the TRIBAL GIS Mark as an indicator of the source of its services. Upon information and belief, Defendants' use and incorporation of the TRIBAL GIS Mark will increase the popularity and profitability of Defendants' services and business. Moreover, Tribal GIS and consumers will be harmed by such confusion as Defendants' brand will unjustly benefit from the false association with Tribal GIS's TRIBAL GIS Mark at no cost to Defendants. This will harm Tribal GIS by endangering and undermining the ability of its TRIBAL GIS Mark to serve as a unique and distinctive indicator of the quality and characteristics of the services and goods provided under the mark.

19.    Defendants are well aware of Tribal GIS's trademark and service-mark rights in the TRIBAL GIS Mark as Plaintiff has repeatedly requested that Defendants cease using the Tribal GIS mark.  Further, on August 29, 2025, Plaintiff's attorney sent a letter to Ms. Begay advising her of Tribal GIS's registered mark and demanding that Defendants cease and desist from any further use of the term "Tribal GIS," whether standing alone or in combination with other words such as

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

"California" or "Summit," in connection with any goods, services, events, fundraising, or promotional efforts. (A true and correct copy of this letter is Exhibit A hereto).

20. Despite Defendants' actual knowledge of Tribal GIS's registered trademark, Defendants have not ceased the use of the TRIBAL GIS Mark and continue their infringing activities while knowing that such designation is likely to cause confusion, cause mistake or deceive the consuming public.

21. Defendants' action have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the TRIBAL GIS Mark and reputation of Tribal GIS.

22. This case is an exceptional case, entitling Tribal GIS to treble damages and attorneys' fees as allowed for under the Lanham Act and California law.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT: 15 U.S.C. §1114.**

23. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 22.

24. Defendants' use of the TRIBAL GIS Mark to promote its organization, services and summit, and its incorporation of the mark into its catribalgis.org domain name, constitute use in commerce of a reproduction, copy or colorable imitation, and thus infringement, of Tribal GIS's registered TRIBAL GIS Mark in connection with the offering for sale, distribution or advertising of goods and services on or in connection with which such use is likely to cause consumer confusion, mistake and deception as to source, sponsorship or approval of the Defendants' goods and services in violation of 15 U.S.C. § 1114. Moreover, Defendant's foregoing acts are causing irreparable harm to Tribal GIS for which there is no adequate remedy at law.

25. Defendants' ongoing acts of infringement are willful and deliberate, and result in substantial damage to Tribal GIS in an amount to be determined at trial.

26. By reason of the foregoing acts, Defendants are liable to Tribal GIS for trademark infringement under 15 U.S.C. § 1114.

///

**SECOND CLAIM**
**UNFAIR COMPETITION 15 U.S.C. § 1125(a)**

27.    Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 26.

28.    Defendants' use of the TRIBAL GIS Mark in connection with its organization, services and summit is such a colorable imitation and copy of Tribal GIS's established mark that Defendant's use thereof in the context of its services, conferences and merchandise is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Tribal GIS's conferences, services and products or to deceive consumers as to the origin, sponsorship or approval of Defendants' services and products in violation of 15 U.S.C. § 1125(a).

29.    Defendants' incorporation and use of the TRIBAL GIS Mark in providing its services, summits and goods and in its domain name catribalgis.org constitute unfair competition in violation of 15 U.S.C. § 1125(a).

30.    Defendants' use of the TRIBAL GIS Mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

31.    Defendants' ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to Tribal GIS in an amount to be determined at trial.

**THIRD CLAIM**
**UNFAIR COMPETITION UNDER CALIFORNIA**
**BUSINESS AND PROFESSIONS CODE § 17200 et seq.**

32.    Plaintiff repeats and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 31.

33.    Defendants' actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

34.    Pursuant to California Business and Professions Code § 17203, Tribal GIS is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

///

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

**FOURTH CLAIM**
**COMMON LAW INJURY TO BUSINESS REPUTATION**

35.    Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 34.

36.    Defendants' use of Tribal GIS's TRIBAL GIS Mark inures and creates a likelihood of injury to Tribal GIS's business reputation because persons encountering Tribal GIS and its products and services will believe that Tribal GIS is affiliated with or related to or has the approval of Defendants, and any adverse reaction by the public to Defendants and the quality of their products and the nature of their business will injure the business reputation of Tribal GIS and the goodwill that it enjoys in connection with its TRIBAL GIS Mark.

**FIFTH CLAIM**
**COMMON LAW UNFAIR COMPETITION**

37.    Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 36.

38.    Defendants' actions constitute unfair competition under the common law of the State of California.

39.    Defendant's ongoing acts of unfair competition are willful and deliberate, and result in substantial damage to Tribal GIS in an amount to be determined at trial.

**SIXTH CLAIM**
**COMMON LAW TRADEMARK INFRINGEMENT**

40.    Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41.    The relevant consuming public in California recognizes the TRIBAL GIS Mark as designating Tribal GIS as the source of geographic information system services and conferences. Tribal GIS has common law trademark rights in the TRIBAL GIS Mark under California law.

42.    Defendants' actions, as hereinbefore alleged, constitute trademark and service mark infringement in violation of the common law of the State of California.

43.    Defendant's ongoing acts of infringement are willful and deliberate, and result in

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

substantial damage to Tribal GIS in an amount to be determined at trial.

**Wherefore, Plaintiff prays:**

1.      For an order requiring Defendants to show cause why it should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Plaintiff;

2.      That Defendants and their agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from:(a) using Tribal GIS's TRIBAL GIS Mark or any colorable imitation thereof; (b) using any mark that imitates or is confusingly similar to or in any way similar to Tribal GIS's TRIBAL GIS Mark, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Tribal GIS's products, services or their connectedness to Defendant;

3.      That Defendants be required to file with the Court and serve on Tribal GIS within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

4.      That, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Tribal GIS resulting from the acts alleged herein;

5.      That, pursuant to 15 U.S.C. § 1117, Defendants be compelled to account to Tribal GIS for any and all profits derived by them from their illegal acts complained of herein;

6.      That the Defendants be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing a mark found to infringe Tribal GIS's TRIBAL GIS Mark rights, as well as all plates, matrices, and other means of making the same;

7.      That Defendants be ordered to pay punitive damages in amount to be determined at trial;

8.      That the Court declare this to be an exceptional case and award Tribal GIS, treble damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9.      That the Court grant Tribal GIS any other remedy to which it may be entitled as

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF

provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

10.    For such and other further relief that the court deems just and proper.

DATED: April 23, 2026                    RAFF LAW, APC

                                        _/s/ Richard C. O'Hare_____
                                        Richard C. O'Hare
                                        Attorneys for National Tribal
                                        Geographic Information Support
                                        Center

COMPLAINT FOR DAMAGES AND INJUCTIVE RELIEF